348 F.2d 894
 Jerry Lee ALEXANDER et al., Kathy Amatniek, et al., William
Henry Applewhite, et al., Petitioners,
v.
The Honorable Harold COX, Chief Judge, United States
District Court for the Southern District of
Mississippi, Respondent.
 No. 22700.
 United States Court of Appeals Fifth Circuit.
 June 24, 1965, Supplemental Opinion July 13, 1965.
 
 Alvin J. Bronstein, Jackson, Miss., Melvyn H. Zarr, New York, N.Y., for petitioners.
 Thomas H. Watkins, Jackson, Miss., for respondent.
 Before JONES, WISDOM, and BELL, Circuit Judges.
 WISDOM, Circuit Judge.
 
 
 1
 The petitioners, seeking to remove some 400 or more criminal causes from the City Court of Jackson, Mississippi, presented three joint petitions for removal to the Clerk of the United States District Court for the Southern District of Mississippi, under 28 U.S.C. 1443 and 1446, and Lefton v. Hattiesburg, 5 Cir. 1965, 333 F.2d 280. The district clerk refused to file the removal petitions because of a district court rule that only individual removal petitions may be submitted and filed. The petitioners then presented to the district judge, The Honorable W. Harold Cox, motions for leave to file joint removal petitions. The district court declined to sign an order granting or denying the motions on the ground that the removal cases were not properly before the court. The petitioners pray that this Court issue a writ of mandamus to the district court directing acceptance of the removal petitions for filing.
 
 
 2
 In Lefton v. City of Hattiesburg, out of deference to judicial decorum, we ordered that the application for mandamus be held in abeyance so that the district court could have the advantage of our views on the question similar to the question now before us. In Lefton we recognized that the rule requiring separate removal petitions would not ordinarily represent 'such a gross abuse of discretion as to move us to mandamus'. But we were careful to say that the discretion the district court may exercise in such matters is an 'informed discretion'. We also pointed out that the exercise of such judicial discretion assumed 'that such a requirement does not so delay matters as to operate to deprive the petitioners of effective access to the federal courts'.
 
 
 3
 Our view as to this case is that the requirement of preparing multiple petitions and other papers is so burdensome as to, in effect, deny the petitioners access to the federal courts, or, at least, access to the federal courts except after onerous delay. In these circumstances we consider that in the exercise of an informed discretion, the district court should allow the consolidation of removal petitions to the extent that each petition relates only to arrests made on the same day and at the same location for the same alleged offense. Only one representative state pleading need be attached to each petition. The petitions should show which petitioners, if any, are no longer in the custody of the local officials.
 
 
 4
 We point out, as we did in Lefton, that removal bonds are not authorized in criminal cases and that filing fees are not to be collected in connection with criminal removal petitions.
 
 
 5
 The application of the petitioners for mandamus will be held in abeyance, subject to further orders of this Court; jurisdiction will be retained. The petitioners are directed to renew their request that the district clerk accept joint petitions for removal. We suggest that the district court act promptly on the matter in light of the views expressed in this per curiam opinion order.
 
 Supplemental Opinion[1]
 
 6
 The motion of petitioners for further relief and the response of Judge Cox thereto have been considered. The motion is denied. The rule of the District Court requiring each removal petition to be sworn to by each petitioner seeking removal must be adjusted to removal petitions embracing more than one petitioner as described in our order of June 24, 1965 in the above captioned matter to the end that petitioners are not deprived of effective access to the federal courts. The requirement of verification by those petitioners present in the City of Jackson at the time a petition for removal is filed would not appear to be an abuse of discretion. Verification by counsel on behalf of those petitioners not present in the City of Jackson will suffice under the verified petition requirement of 28 U.S.C.A. 1446(a), and such a requirement likewise would not appear to constitute an abuse of discretion on the part of the District Court. Cf. Porter v. Coble, 8 Cir., 1917, 246 F. 244; S. B. McMaster, Inc. v. Chevrolet Motor Company, E.D., S.C., 1925, 3 F.2d 469.
 
 
 7
 Denied.
 
 
 
 [1]
 Circuit Judge Wisdom was a member of the court originally hearing this matter. He is presently outside the circuit and this order is entered by a quorum consisting of Circuit Judges Jones and Bell pursuant to 28 U.S.C.A. 46(d)