1164

**Isaiah BAXTER, Petitioner,**

**v.**

**The STATE OF FLORIDA, Respondent.**

**Crim. No. 1271.**

United States District Court
N. D. Florida,
Gainesville Division.

Feb. 11, 1969.

Horace E. Hill, Daytona Beach, Fla., for petitioner.

Milo Irving Thomas, Jr., Lake City, Fla., State Attorney, Dixie County, Cross City, Fla., for respondent.

## ORDER DENYING PETITION FOR REMOVAL AND REMANDING TO STATE COURT

CARSWELL, Chief Judge.

This cause comes before the Court on petition to remove under 28 U.S.C. § 1443.

■ Petitioner moves to proceed in forma pauperis. Removal of a criminal case pursuant to 28 U.S.C. § 1443 does not require the filing of a bond or the payment of filing fees. Alexander v. Cox, 348 F.2d 894 (5th Cir.1965); Lefton v. City of Hattiesburg, 333 F.2d 280 (5th Cir.1964). Therefore, it is not necessary to grant Petitioner's motion to proceed in forma pauperis in order to allow him to pursue his petition to remove under 28 U.S.C. § 1443.

Petitioner alleges that he has been indicted for resisting arrest and his case is pending in the Circuit Court of Florida, Dixie County. In essence he alleges his innocence of the charge and that the arresting officer used unnecessary force to effectuate his arrest, which force constituted cruel and unusual treatment as proscribed by the Constitution. He further alleges that the grand jury which indicted him was unconstitutional in that it did not reflect a cross section of the community because Negroes are systematically excluded from the jury list.

■ All of the allegations taken as true do not, as a matter of law, support removal of Petitioner's case to this court.

■ It is well settled that removal under 28 U.S.C. § 1443 cannot be supported merely by showing that there has been an illegal denial of civil rights by state officials in advance of trial, that charges are fake, or that defendant cannot obtain a fair trial in state court. City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). The proscribed action must be against a person who is either denied or cannot enforce, in the state courts, a right under *any law* providing for "equal civil rights" as that phrase is defined in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). "Equal civil rights," as defined in *Rachel,* means *any law providing for specific civil rights stated in terms of racial equality.* In other words, any law that specifically confers "equal civil rights" as opposed to merely insuring "civil rights."

■ Petitioner's allegation concerning the constitution of the grand jury is not sufficient to support removal and invoke the jurisdiction of this court. At most the allegation cites a denial of due process. Heymann v. State of Louisiana, 269 F.Supp. 36 (E.D.La.1967). This, like the other contentions, is equally cognizable in the courts of the State of Florida as here.

Petitioner cites 18 U.S.C. § 243 (exclusion of jurors on account of race) apparently to show his right to have Negroes on the grand jury. If petitioner were being prosecuted for the exercise or attempted exercise of this specific right to be on a grand jury, this would be an altogether different case. Petitioner, however, is not being prosecuted for the exercise or attempted exercise of any right specifically conferred by any law providing for "equal civil rights" and is not entitled to remove his case to federal court.

■ This Court cannot predict that Petitioner's rights will *not* be protected by the simple fact that the state brings Petitioner to trial in a state court. The vindication of federal rights is left to the state courts except in those rare cases where it is *clearly* predicted by reason of the operation of a pervasive and explicit *state law* that those rights will be denied. Commonwealth of Virginia v. Jones, 367 F.2d 154 (4 Cir.1966); Greenwood v. Peacock, supra; Georgia v. Rachel, supra.

Petitioner has also failed to follow the procedures set out in 28 U.S.C. § 1446 in

that he apparently has not filed a copy of his petition in the Circuit Court of Florida, nor has he served written notice to all adverse parties. In view of this, it is the opinion of this Court, having found that it lacks jurisdiction to order the case removed from the Florida Circuit Court, that Petitioner's procedural errors are of no consequence. It is, therefore, upon consideration, hereby

Ordered:

1. Petition for removal is denied and this case is remanded to the Circuit Court of Dixie County, Florida, where said case is presently pending.

2. Petition to proceed in forma pauperis is denied.

3. The Clerk of this Court is ordered to mail a certified true copy of this order to Petitioner's attorney of record.