The PEOPLE OF the STATE OF NEVADA, and the Nevada Tax Commission, Department of Taxation, Plaintiffs,

v.

Stephen D. KING, d/b/a King's Smoke Shop, Defendant.

No. CIV–LV–78–197–HEC.

United States District Court,
D. Nevada,
Civil Division.

Jan. 18, 1979.

Richard Bryan, Atty. Gen., Dept. of Taxation, Carson City, for plaintiffs.

John F. O'Reilly, Las Vegas, Nev., for defendant.

MEMORANDUM DECISION and ORDER

CLAIBORNE, District Judge.

This action is presently before this Court on Plaintiff's motion to remand under 28 U.S.C. § 1447, following the Defendant's removal of the action from the Eighth Judicial District for the State of Nevada. Plaintiffs, People of the State of Nevada, et. al. (State) petitioned the Eighth Judicial District on September 7, 1978, for an Order to Show Cause why Judgment should not be entered against the Defendant Stephen D. King (King). As it appears from the face of the petition, the State alleged that King, the lessee and proprietor of the business known as "King's Smoke Shop" located on the reservation of the Las Vegas Tribe of Paiute Indians, failed to pay a sum of $562,-811.95 (excise tax on sales of cigarettes, plus penalty and interest) to the State for the period of July 1, 1977 through May 31, 1978 in violation of N.R.S. Ch. 370 et seq.

King petitioned for removal on the grounds that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201, 2202, 1337 and 1362.[1] King's theory is that in attempting to levy this tax, the State is imposing a burden on interstate commerce, in contravention to Article I, Section 8, Clause 3 of the United States Constitution; and that the State's power to tax has been preempted by 28 U.S.C. §§ 1360 and 1362 and cases construing these sections, and it is therefore unlawful.[2] On petition for remand, the State raises several points, two of which bear discussion: 1) the Federal Courts do not have jurisdiction over this matter because of 28 U.S.C. § 1341, which states that:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

and the fact that King is afforded adequate judicial review under N.R.S. Ch. 370 et seq.; and 2) the action is not one which is properly removable for the reason that the "federal questions" involved are actually in the nature of affirmative defenses or cross claims available to King in State court, rather than the gravamen of the State's claim.

■ The first point was rejected by the United States Supreme Court in *Moe v. Confederated Salish and Kootenai Tribes*, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). The Supreme Court specifically held that a tribe of Indians could sue to restrain a state's taxing authority under 28 U.S.C. § 1362, notwithstanding 28 U.S.C. § 1341 (425 U.S. at 475; 96 S.Ct. at 1641–1642), and in a footnote the Court stated that ". . . any further proceedings with respect to refund claims by or on behalf of individual Indians would not appear to implicate § 1341." *Id.* n. 14.

Thus, there is no question that King could have brought an action for declaratory relief against the State in this Court. And, there is no question that, had he done so under the Commerce Clause and preemption theories which he asserts here, this Court would have original jurisdiction over the matter and abstention would be inappropriate. *Walker River Paiute Tribe v. Sheehan*, 370 F.Supp. 816, 821 (D.Nev.1973); *Confederated Tribes of Colville v. State of Washington*, 446 F.Supp. 1339, 1367 (E.D. Wash.1978). And, there is no question that the State's purported levy raises a very serious question of preemption under 28 U.S.C. § 1360 and the Supremacy Clause of the United States Constitution. See *Bryan v. Itasca County, Minnesota*, 426 U.S. 373, 376, 96 S.Ct. 2102, 2105, 48 L.Ed.2d 710 (1976); *Confederated Tribes of Colville, supra* at 1371; *Moe, supra.*

■ However, the State's second point is correct and, therefore, this Court must, albeit very reluctantly, grant Plaintiffs' motion. The rules for determining whether a controversy "arises under" federal laws, within the meaning of 28 U.S.C. § 1441, are well established: first, the federal law must be an essential element of the Plaintiff's cause of action; second, the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal; third, the federal question may not be inferred from a defense asserted or one expected to be made; and fourth, the federal question raised must be a "substantial one." *Borzello v. Charles D. Sooy & C. Darrell Sooy* 427 F.Supp. 332, 334 (N.D.Cal.1977), and cases cited therein. Within the context of these rules, it is well settled that federal preemption is a matter of defense to a state law claim and is not a ground for removal. *State of Washington v. American League of Professional Baseball Clubs* 460 F.2d 654, 660 (9th Cir. 1972),

---

1. In this regard, King points to the fact that he is a Defendant in an action pending in the Las Vegas Tribal Court brought by the Tribe in which they seek back taxes on sales of cartons of cigarettes for the months of May through August, 1977, in the amount of $195,450.

2. He has also raised an equal protection theory in his response to Plaintiffs' reply which we cannot consider because of Local Rule 16. Since the theory is in the nature of an affirmative defense, it would not change the end result. See below.

and cases cited therein. In the case at bar, since Defendant's "Commerce Clause" theory is in the nature of an affirmative defense, and since the face of the State's petition nowhere discloses any possible interference with the flow of interstate commerce, his theory likewise would not be a ground for removal. Additionally, the fact that King could have filed a counterclaim for declaratory relief in state court on federal theories of preemption and unlawful interference with the regulation of commerce would not have created removability to federal court. *Rath Packing Co. v. Becker* (9th Cir. 1975) 530 F.2d 1295, 1303, *affd.* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604.

Frankly, I find it paradoxical to say that, on the one hand, King properly could have brought an action in this Court for declaratory relief on the basis of federal preemption and Congress' power to regulate interstate commerce and, on the other hand, that King could not properly remove a state action to this Court on the very same basis. Nonetheless, that appears to be the law which I must follow.

WHEREFORE, IT IS HEREBY ORDERED:

1) That Plaintiffs' Motion to Remand is granted;

2) That the within action is remanded back to the Eighth Judicial District for the State of Nevada, County of Clark;

3) That each party shall bear his own costs;

4) That the Clerk of this Court shall mail a certified copy of this order to the Clerk of the Eighth Judicial District for the State of Nevada, County of Clark;

5) That the Eighth Judicial District for the State of Nevada, County of Clark shall proceed with this action henceforth.