Darwin Dale JARVIS and Alex R. Grote, Jr., Plaintiffs,

v.

Honorable Jack ROBERTS, Mrs. Jack Roberts, Charles W. Richards, Reed McConnell, the Wimberley Bank, James Bock, Jack O'Donnell, Honorable Ross N. Sterling, Mrs. Ross N. Sterling, and Anna E. Stool, Defendants.

Civ. A. No. SA79CA487.

United States District Court, W. D. Texas, San Antonio Division.

May 15, 1980.

Darwin Dale Jarvis and Alex R. Grote, Jr., pro se.

Jamie C. Boyd, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., William Guild, Dept. of Justice, Tax Div., Dallas, Tex., for federal defendants.

Charles W. Richards, Wimberley, Tex., for private defendants.

## ORDER

SPEARS, District Judge:

Originally filed in state court, this suit was removed to federal district court pursu-ant to 28 U.S.C. § 1441, *et seq.* Named defendants include the Honorable Jack Roberts, United States District Judge; Mrs. Jack Roberts; the Honorable Ross N. Sterling, United States District Judge; Mrs. Ross N. Sterling; Mr. Reed McConnell, employed as an Internal Revenue Officer; Mr. James Bock, Ms. Anna E. Stool, and Mr. Jack O'Donnell, employed as Assistant United States Attorneys; the Wimberley Bank; and Mr. Charles Richards, attorney for the Wimberley Bank.

Plaintiffs seek damages in the amount of $1,250,000.00 for the alleged violation of various provisions of the United States Constitution, as well as 42 U.S.C. § 1983, 1985, and 1986, and various sections of the Texas Constitution. In addition to the damages prayed for, plaintiffs seek declaratory and injunctive relief. Plaintiffs claim that defendants, acting wholly without jurisdiction, have instituted criminal and civil prosecutions against plaintiffs, and have attempted to "extort illegal federal taxes" for the years 1976 and 1977.

In March 1979, defendant Reed McConnell in his capacity as a revenue agent for the Internal Revenue Service served a summons on the Wimberley Bank, seeking copies of plaintiff Jarvis' records. Jarvis claims that on November 2, 1979, Judge Roberts refused to permit an adversary hearing when the summons was enforced. (Affidavits on file by Judge Roberts and Assistant United States Attorney Jack O'Donnell indicate otherwise.) Jarvis complains of similar actions allegedly taken by Judge Sterling. Simply stated, plaintiff Grote complains of Judge Roberts' actions taken in connection with his conviction for failure to file federal income tax returns. Among other things, Grote claims that Judge Roberts refused to appoint "counsel" who was not a member of the State Bar of Texas,[1] and that he erred in granting the

---

1. There is no sixth amendment right to be represented by a non-attorney. *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978); *United States v. Bertolini,* 576 F.2d 1133 (5th Cir. 1978); *United States v. Anderson,* 577 F.2d 258 (5th Cir. 1978); *United States v. Brown,* 591 F.2d 307, 310 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Benson,* 592 F.2d 257 (5th Cir. 1979). Membership in the integrated bar is a prerequisite to the right to practice law in Texas.

government's motion in limine and in denying Grote's requested jury instructions. Plaintiffs state in their complaint that each defendant is being sued personally and not because of any official acts of defendants.

■ Initially, plaintiffs challenge the jurisdiction of this Court by way of a motion to remand, contending that this cause was improvidently removed to federal district court. Plaintiffs contend that the petition for removal was deficient because it was not accompanied by an affidavit of each of the defendants. Since Title 28 U.S.C. § 1446 does not require affidavits by each defendant, this contention is frivolous. The statute does, however, require the filing of a verified petition containing a short and plain statement of the facts which entitled the defendants to removal. Plaintiffs contend that the verification in the instant case is invalid because it was made by counsel for defendants. However, as a matter of federal practice, the law provides that a litigant may appear, plead, and conduct his case through counsel. 28 U.S.C. § 1654. In *Alexander v. Cox*, 348 F.2d 894 (5th Cir. 1965), the Court held that verification by counsel on behalf of petitioners seeking removal who were not in the City was sufficient under 28 U.S.C. § 1446. Likewise, in *Browne Brothers Cypen Corp. v. Carner Bank of Miami Beach, Fla.*, 287 F.Supp. 700 (S.D.N.Y.1968), it was held that a removal petition may be signed by an attorney at law where it affirmatively appears on the face of the record of removal that the person signing the petition was in fact the attorney for the party seeking removal. Plaintiffs' argument that the verification is invalid is without merit.

■ Plaintiffs further contend that on the face of the state court complaint, this Court would have neither original nor removal jurisdiction, because plaintiffs allege that defendants were acting in their capacities as individuals and were sued individually. In this connection, the Court will not condone plaintiffs' efforts to deprive the federal officers of their right to removal by artful pleading. In their petition for removal, federal defendants state that "this suit is in fact against officers of the United States and Officers of the Courts of the United States for acts under color of such offices; no bond is required." In a similar case, the Court of Appeals for the Fifth Circuit held that:

> [t]he absence of detailed grounds setting forth (the) basis for removal is not fatal to defendants' right to remove. We think that the allegation that petitioners were officers acting under color of office in the employment of the United States was sufficient. Title 28, United States Code, Section 1446(a) requires only a short, plain statement of facts entitling a defendant to removal. *Allman v. Hanley*, 302 F.2d 559 (5th Cir. 1962).

When the pleadings are examined, it becomes apparent that plaintiffs complain of actions taken by the federal officers in connection with their official duties. With respect to the cause of action alleged against Judge Roberts, plaintiff Jarvis complains of his acts taken as presiding judge in Civil Action No. A–79–CA–83, and the fact that Judge Roberts entered an order enforcing an Internal Revenue Service summons which required the Wimberley Bank to produce its records relating to Jarvis. Plaintiff Grote complains of his criminal arraignment and subsequent criminal trial and jury conviction in Judge Roberts' court. Jarvis also claims that Judge Sterling acted improperly in enforcing an Internal Revenue Service summons which required production of Jarvis' records from the First State Bank of Clute, Texas. Plaintiffs allege that the actions of Judge Roberts and Judge Sterling were taken "in open court." In addition, defendants' affidavits submitted in support of their motion to dismiss or for summary judgment establish that the only actions taken by them with respect to the plaintiffs were under color of their respective offices. Defendants have filed a motion to amend their petition for removal,

pursuant to 28 U.S.C. Section 1653,[2] so as to allow the summary judgment affidavits to be utilized in support of the petition for removal. Plaintiffs oppose the motion for leave to amend, contending that it is an attempt to cure jurisdictional defects beyond the thirty days allowed for removal by 28 U.S.C. § 1446.

The Court is of the opinion that the petition for removal is sufficient without considering the summary judgment affidavits. However, the motion for leave to amend will be granted, since the affidavits further amplify the factual allegations contained in the petition for removal. The Court of Appeals for the Fifth Circuit has held that 28 U.S.C. § 1653 applies to a petition for removal. *Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir. 1961). In addition, the Supreme Court has held that it is proper "to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Willingham v. Morgan*, 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

For the foregoing reasons, the motion to remand is hereby DENIED.

Defendants have moved to dismiss this action with prejudice, or alternatively to enter summary judgment in their behalf. In support of the motion, defendants contend that (1) the complaint fails to state a cause of action; (2) the complaint fails to state a claim upon which relief can be granted; (3) the actions herein are barred by the absolute or qualified immunity of the federal officers; and (4) the Court lacks jurisdiction to grant the injunctive relief sought by plaintiffs. Since the motion to dismiss is supported by matters outside the pleadings, it will be treated as one for summary judgment. Rule 12(b), Fed.R.Civ.P. The plaintiffs have not filed a response to defendants' motion for summary judgment, although they have been given a reasonable opportunity (47 days) to present all material made pertinent to such motion by Rule 56.

Rule 56(e), Fed.R.Civ.P. provides in part as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Plaintiff Jarvis' complaint against Judge Roberts, Jack O'Donnell, and Reed McConnell is in relation to a summons enforcement proceeding brought by the Internal Revenue Service in the United States District Court for the Western District of Texas, Austin Division, to require the Wimberley Bank to produce certain records of the plaintiff to determine his federal tax liability. Judge Roberts, in his capacity as a United States District Judge, ordered enforcement of the administrative summons issued by Reed McConnell as an Internal Revenue Agent. Assistant United States Attorney Jack O'Donnell represented the United States in that civil proceeding. Wimberley Bank complied with the order enforcing the summons.

Jarvis also complains of similar actions taken by Judge Sterling, Assistant United States Attorney Anna E. Stool, and Agent Reed McConnell in a summons enforcement proceeding in the United States District Court for the Southern District of Texas. Judge Sterling, in his capacity as United States District Judge, issued an order enforcing the Internal Revenue Service summons issued to the First State Bank of Clute, Texas, by Internal Revenue Agent Reed McConnell. Assistant United States Attorney Anna E. Stool represented the United States in that civil proceeding.

Plaintiff Grote is complaining of Judge Roberts and Assistant United States Attorney James Bock because of his criminal

**2.** 28 U.S.C. Section 1653 provides:
Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

prosecution and jury conviction in *United States of America v. Alex Grote, Jr.*, Criminal No. A–79–CR–001, for failure to file federal income tax returns. The case, which originated in the Austin Division of the United States District Court for the Western District of Texas, is now on appeal to the Court of Appeals for the Fifth Circuit.

■ Defendants argue that plaintiffs' complaint fails to state a cause of action because the summons enforcement proceedings are expressly allowed by Section 7602 of the Internal Revenue Code of 1954. Defendants contend that since this enforcement procedure has been held constitutional on many occasions,[3] the plaintiffs' complaint is groundless. The Court agrees.

■ Defendants also argue that the complaint fails to state a claim upon which relief can be granted, that the cause of action against the federal judges and Assistant United States Attorneys is barred by the doctrine of absolute immunity, and that the cause of action against the Internal Revenue Agent is barred by the doctrine of absolute and qualified immunity. The summary judgment affidavits, which are unchallenged by plaintiffs, establish that the actions complained of with regard to Judge Roberts, Judge Sterling, James Bock, Jack O'Donnell, and Anna Stool arise from the performance of duties imposed on them by law as federal judges and federal prosecutors. The cause of action asserted against them is, therefore, barred by the doctrine of absolute immunity. The Supreme Court has observed that the doctrine of absolute immunity for judges "has a deep root in the common law," that it has been the settled doctrine of the English law for many centuries, and that it has never been denied in the courts of this country. *Bradley v. Fisher*, 13 Wall. (80 U.S.) 335, 20 L.Ed. 646 (1872). In *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Supreme Court stated:

> This Court early held that judges of courts of superior or general authority

are absolutely privileged as respects civil suits to recover for actions taken by them in the exercise of their judicial functions, irrespective of the motives with which those acts are alleged to have been performed, . . . and that a like immunity extends to other officers of government whose duties are related to the judicial process. 360 U.S. at 569, 79 S.Ct. at 1338.

These principles were recently reaffirmed by the Supreme Court in *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In *Butz*, the Court held that judges have absolute immunity in the exercise of their judicial functions, that federal prosecutors also have absolute immunity, and that federal executive officials have a qualified immunity. *Id.* 98 S.Ct. at 2912. After having considered the complaint, together with the brief and affidavits of the defendants, the Court is of the opinion that plaintiffs could prove no set of facts to establish a right to recover damages from these defendants. Therefore, summary judgment will be entered on behalf of the federal judges and prosecutors.

■ It appears to the Court that summary judgment is also appropriate to deny the cause of action asserted against Internal Revenue Agent Reed McConnell. Agent McConnell, as a federal executive officer, is entitled to a mixture of absolute and qualified immunity. Agents or officials of the United States, acting within the scope of their authority, are absolutely immune from actions for damages where the claims are based on common law torts. *Jones v. Kennedy*, 121 F.2d 40 (D.C.Cir.), *cert. denied*, 314 U.S. 665, 62 S.Ct. 130, 86 L.Ed. 532 (1941); *Papagianakis v. The Samos*, 186 F.2d 257 (4th Cir. 1950), *cert. denied*, 341 U.S. 921, 71 S.Ct. 741, 95 L.Ed. 1354 (1951). Where such claims are based upon alleged constitutional violations, there is a qualified immunity from damages when the federal officer has acted within the scope of his authority and in the good faith belief that his actions were lawful. *Butz v.*

3. See e. g., *Hinchcliff v. Clarke*, 371 F.2d 697, 700 (5th Cir.) *cert. denied*, 387 U.S. 941, 87

S.Ct. 2073, 18 L.Ed.2d 1327 (1967); *United States v. Bray*, 546 F.2d 851 (10th Cir. 1976).

*Economou, supra.* Agent McConnell's affidavit, unchallenged by plaintiffs, demonstrates that he is entitled to qualified immunity under the circumstances of this case.

Plaintiffs' contention that Mrs. Jack Roberts and Mrs. Ross Sterling have "benefitted from their husband's illegal acts" and therefore are liable for damages is patently frivolous and does not merit discussion. Summary judgment will be entered on behalf of these named defendants.

The United States Supreme Court has emphasized that cases such as this which are patently frivolous should be quickly terminated through a motion to dismiss or for summary judgment. In *Butz v. Economou, supra,* the Court stated that:

> Insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading. Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss. Moreover, the Court recognized in *Scheuer* that damage suits concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity. 98 S.Ct. at 2911.

The Wimberley Bank and its attorney have also filed a motion to dismiss or for summary judgment, supported by affidavits of the president of the bank as well as the attorney who represented the bank at the enforcement proceeding before Judge Roberts. The affidavit of the bank president establishes that his bank produced the bank records only after being ordered to do so by Judge Roberts. The attorney for the bank has stated under oath that he was at all times acting as an agent for the Wimberley Bank, and was ordered by Judge Roberts to turn over the records. In *Brunwasser v. Pittsburgh National Bank*, 14 AFTR2d 6066 (W.D.Penn.1964), *aff'd per curiam,* 351 F.2d 951 (3rd Cir.), *cert. denied,* 384 U.S. 986, 86 S.Ct. 1886, 16 L.Ed.2d 1003 (1965), it was held that neither a revenue agent nor the bank was liable for civil damages for production of these types of records. In addition, it is apparent that the Wimberley Bank and its attorney were merely complying with a lawful order of the United States District Court. Thus, the actions complained of were essentially those taken by the Court through its orders. Accordingly, summary judgment will be granted on behalf of the Wimberley Bank and its attorney.

The Court is also of the opinion that it lacks jurisdiction to grant the injunctive relief requested by plaintiffs. Essentially, plaintiffs seek an injunction restraining defendants from collecting further taxes from them. Injunctive relief is barred in this case by the Anti-Injunction Act, § 7421 of the Internal Revenue Code, which provides in pertinent part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . ." The Supreme Court has held that the purpose of this section is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). To obtain injunctive relief, plaintiffs must show that "it is clear that under no circumstances could the Government ultimately prevail." *Id.* Such a showing is noticeably absent in the instant case.

In view of the foregoing, the Court is of the opinion, and so finds, that plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. The Court further finds that the pleadings, together with the affidavits on file, show that there is no genuine issue as to any material fact and that all of the defendants are entitled to a judgment in their behalf as a matter of law. It is, therefore,

ORDERED, ADJUDGED and DECREED:

(1) Plaintiffs' motion to remand is hereby DENIED.

(2) Defendants' motions for leave to amend their petition for removal so as to associate the summary judgment affidavits with their petition for removal are GRANTED.

(3) Defendants' motions to dismiss and/or for summary judgment are in all things GRANTED.