**BORDER CITY SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**KENNECORP MORTGAGE & EQUITIES, INC., et al., Defendants.**

No. C–3–81–219.

United States District Court, S. D. Ohio, W. D.

Sept. 14, 1981.

J. Richard Gaier, Gaier, Pratt & Freed Co., L.P.A., Piqua, Ohio, for plaintiff Border City Savings & Loan Assoc.

Thomas L. Smith, Lima, Ohio, for defendant Kennecorp Mortgage & Equities, Inc.

Sailor J. Kennedy, pro se.

Frank A. Justen, Toledo, Ohio, for defendant Kennecorp Mortgage Brokers, Inc.

James E. Moan, Toledo, Ohio, for defendant Jean Kennedy.

## DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO REMAND; CASE REMANDED TO STATE COURT; TERMINATION ENTRY

RICE, District Judge.

The captioned cause is before the Court upon the plaintiff's motion to remand to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff's motion is based upon four grounds, to wit:

1) Defendants' failure to comply with 28 U.S.C. § 1446(a), specifying certain requirements of a removal petition;

2) Defendant's failure to join all the defendants in the removal petition;

3) Plaintiff's original complaint in state court stated no claim under the Constitution, Treaties or Laws of the United States, and relied solely on state law;

4) Defendants' allegations in the counterclaim would fail on the merits.

For the reasons set forth below, the Court finds said motion to be well taken on the grounds that removal to federal court was improper, in that the plaintiff's original complaint in state court stated no "federal claim" and relied solely on state law. Said motion is granted and the cause is remanded to state court.

## I. FACTS

Plaintiff sued defendants in the Miami County, Ohio, Common Pleas Court in 1979, alleging breach of contract and violations of provisions of the Ohio Revised Code (ORC). Specifically, plaintiff alleged that it and defendants entered into a Loan Participation Agreement (LPA) in 1976, and that various actions of the defendants violated both the LPA and the ORC, damaging the plaintiff. After the case had proceeded for two years, with extensive discovery being conducted, plaintiff dismissed the action on March 19, 1981, without prejudice and refiled the action in the same court the following day, March 20, 1981. The claims advanced were the same as those advanced in the original 1979 filing.

On April 8, 1981, one of the defendants, Kennecorp Mortgage & Equities, Inc. (Kennecorp) petitioned for removal of the case to the United States District Court for the Southern District of Ohio, Western Division. On the same date, Kennecorp filed in this Court an answer, affirmative defense, a counterclaim to the case, and a third-party complaint. The answer and defenses denied violations of the LPA or of the ORC, and alleged that plaintiff had violated the LPA. The counterclaim alleged that plaintiff had violated "42 U.S.C. § 1983, § 1985, and the 14th Amendment of the Constitution of the United States." In the counterclaim, Kennecorp alleged that attorneys for the plaintiff had maliciously and willfully conspired to deny Kennecorp's civil rights and the equal protection of the laws, and had intimidated state court judges involved in the case as well as witnesses for the defendants. Kennecorp prayed for actual and punitive damages. The third-party complaint also invoked the jurisdiction of this Court based on alleged violations of §§ 1983, 1985, and 1986, the Fourteenth Amendment, and pursuant to Rules 14(a) and 14(b) of the Federal Rules of Civil Procedure. The parties Kennecorp sought to join were all agents, directors or officers of the plaintiff, who had allegedly committed the acts outlined in the counterclaim.

On April 22, 1981, plaintiff filed a motion in this Court to remand the case back to Miami County Common Pleas Court.

## II. MOTION TO REMAND

As noted above, plaintiff has advanced four grounds in support of its motion to remand. Each ground will be discussed below.

### 1. Deficiency of Removal Petition

Plaintiff first argues that Kennecorp's removal petition fails to satisfy the prerequisites of 28 U.S.C. § 1446(a). That section requires the removal petition to be "verified" and to contain a "short and plain statement of the facts" entitling the defendant to remove.[1]

▮ The Court finds that Kennecorp's petition satisfies § 1446(a). The petition does state the statutes which it claims entitles it to removal and was filed with all required papers. In addition, § 1446(a) does not define verification. While the usual, preferred practice is by oath or affidavit by the defendant or defendant's attorney, *see* 1A Moore's *Federal Practice,* ¶ 0.168[3.–4] at 466 (1974), it is sufficient if the attorney merely signs the petition, as occurred here. *See Jarvis v. Roberts,* 489 F.Supp. 924, 926 (W.D.Tex.1980) (the signing by counsel for one of several removing defendants constitutes verification).

### 2. Failure to Join All Defendants in Removal

▮ On April 27, 1981, defendants filed in this Court a "Joint Amended Notice of Removal," in which all the defendants joined (doc. # 10). This action cured the deficiency in the initial removal petition, which was brought only by Kennecorp.

### 3. Lack of Federal Question Stated in Plaintiff's Complaint in State Court

▮ Plaintiff argues that no federal question is presented in this case, as required by the general federal question jurisdictional statute, 28 U.S.C. § 1331(a). Under the statute permitting removal to federal court of a civil action pending in state court, as herein, the civil action is required to have been within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). In other words, the action must have been a case which could have been brought originally in the proper federal court. Federal questions, of course, fall within this jurisdiction. It is well accepted, however, that federal questions in removal cases must be disclosed on the face of the *plaintiff's* complaint and must be essential to the plaintiff's cause of action; it is not enough that the federal question arises by way of a defense to that action. *PAAC v. Rizzo,* 502 F.2d 306, 313 (3d Cir. 1974); *Bruan, Gordon & Co. v. Hellmers,* 502 F.Supp. 897, 900 (S.D.N.Y.1980); 1A Moore's *Federal Practice,* ¶ 0.160 (1974); C. Wright, *Law of Federal Courts,* § 38 at 149 (1976).

▮ Defendants argue, however, that the federal questions in this case arise not through a mere *defense,* but through their *counterclaim.* Nevertheless, the suggested dichotomy is a distinction without a difference. A counterclaim, like a defense, is still a pleading by the defendant. The counterclaim does not change the character of plaintiff's complaint any more than does the defendant's other pleadings. In this case, plaintiff's state court complaint alleges no issues regarding the federal constitution or federal law, and defendants' do not contend otherwise. It is equally well accepted that a defendant's *counterclaim* alleging a federal question does *not* fall under the purview of § 1441(a). In short, a federal question alleged in a counterclaim

---

1. The section in full reads:

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

does not, in and of itself, confer jurisdiction upon a federal court. It is no substitute for the requirement that in order for a case to be a proper subject for removal, the federal question must be disclosed on the face of the plaintiff's complaint. *See Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975), *aff'd*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977); *Nevada v. King*, 463 F.Supp. 749, 752 (D.Nev.1979); *United Artists Corp. v. Ancore Amusement Corp.*, 91 F.Supp. 132, 133 (S.D.N.Y.1950); 1A Moore's *Federal Practice*, ¶ 0.160, at 192 n. 36 (1974).[2] Therefore, the removal of the present case from state court was improper.

### 4. *Defendants' Claims on the Merits*

 Finally, plaintiff argues that defendants' federal claims would fail on the merits. Given the finding that removal was improper, the Court finds it unnecessary to reach this issue. The Court does note, however, that plaintiff's stand on this issue appears largely correct. Defendant's federal counterclaim rests principally on alleged misconduct by plaintiff's attorneys. Privately-retained attorneys do not act "under color of state law" pursuant to § 1983, and their acts do not constitute "state action" for the purposes of the Fourteenth Amendment. *See Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977). In addition, a § 1985(3) claim would fail under the present state of the pleadings, since defendants do not allege a "class-based invidious discriminatory animus" on the part of plaintiffs. *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *Taylor v. Brighton Corp.*, 616 F.2d 256, 266–67 (6th Cir. 1980).

WHEREFORE, the Court, finding that the captioned cause was improvidently removed from state court, grants plaintiff's motion and orders that the within case be remanded to the Miami County, Ohio, Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**2.** *Cf. Duncan v. First National Bank*, 597 F.2d 51, 55 & n.3 (5th Cir. 1979), where the federal government's tax lien counterclaim in a state court suit to quiet title, removed to federal court, was held to have an "independent basis for jurisdiction." The court cited *National Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388–89 (3d Cir. 1973) as authority. The latter case, however, stated that a federal court, under its *ancillary* jurisdiction, could retain jurisdiction over a counterclaim once the original claim is dismissed. The *Bartholomew* court did not discuss removal jurisdiction. Thus, this Court concludes that *Duncan* is inapposite in the present case.