775 F.2d 1316
 Deborah J. JONES, Individually and as next friend of Lanae
Elizabeth Jones, and as Representative of the
Estate of Lanie L. Jones, Plaintiff-Appellant,
v.
William Dennis NEWTON, Defendant-Appellee.
 No. 84-2751.
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 8, 1985.
 John Gano, Houston, Tex., for plaintiff-appellant.
 Helen M. Eversberg, Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.
 Appeal from the United States District Court for the Western District of Texas.
 Before POLITZ, GARWOOD and JOLLY, Circuit Judges.OPINION
 PER CURIAM:
 
 
 1
 This appeal presents for our consideration the denial of a motion to remand to state court under 10 U.S.C. Sec. 1089 to allow the plaintiff to proceed against a defendant military physician who is immune under the Federal Tort Claims Act. We affirm the district court.
 
 
 2
 * The plaintiff's decedent, Lanie Jones, was a thirty-six year old member of the United States Air Force who was injured while riding his motorcycle off base. After the accident, Jones was taken to the emergency room of the base hospital, Wilford Hall Medical Center, and admitted. Dr. Newton treated Jones at the medical center and placed Jones on life-support equipment. While still under treatment, Jones was discharged from the Air Force. Jones died after he was disconnected from the life-support equipment.
 
 
 3
 The plaintiff filed in the Texas state court two separate complaints, based on identical facts, which may be categorized as follows: a suit against the United States under the Federal Tort Claims Act (FTCA), alleging negligence on the part of Dr. Newton (Case I), and the present suit, based solely on state law, against Dr. Newton personally (Case II). Both actions were removed to federal district court from Texas state court under 28 U.S.C. Sec. 1442a.
 
 
 4
 In proceedings that we have earlier considered, the district court dismissed Case I, the cause under the FTCA. On appeal, Jones v. United States, 729 F.2d 326 (5th Cir.1984), we partially upheld the district court's dismissal of the United States, absolving it and Dr. Newton under the FTCA from any responsibility for Jones' death during the period before Jones' discharge from the military. We remanded, however, for the district court to determine whether the United States might be liable for acts or omissions that occurred after Jones was discharged. On remand, the district court found both the United States and Dr. Newton not liable for Jones' death under the Federal Tort Claims Act. Jones v. United States, No. SA-82-CA-346. This judgment of the district court, which has not been appealed, finally concluded Case I.
 
 
 5
 Case II, the case against Dr. Newton based on state law, No. SA-83-CA-404, lay dormant during the litigation of Case I. After final judgment in Case I, Deborah Jones moved to remand Case II to state court, under 10 U.S.C. Sec. 1089(c). The district court denied the motion to remand and granted the defendant's motion to dismiss. Mrs. Jones contends that the denial of remand and the dismissal were improper because section 1089 does not immunize Dr. Newton from personal liability under Texas state law. This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment. B. Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981); Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968).
 
 II
 
 6
 * The plaintiff raises three issues, two trivial, and one more substantial. First, Mrs. Jones contends that the removal petition that brought the case to federal court from Texas state court was not properly verified because it was verified only on the government attorney's information and belief. The applicable statute requires that a petition be verified, but it does not specify what sort of verification is required. 28 U.S.C. Sec. 1446(a) (1973). Verification on information and belief by the defendant's attorney is sufficient, although verification based on knowledge of the defendant himself may be preferable. Border City Savings & Loan Ass'n v. Kennecorp Mortgage & Equities, Inc., 523 F.Supp. 190, 192 (S.D.Ohio 1981) (mere signature by attorney without oath is sufficient); Jarvis v. Roberts, 489 F.Supp. 924, 924-26 (W.D.Tex.1980) (verification by counsel sufficient); McKinney v. Rodney C. Hunt Co., 464 F.Supp. 59 (W.D.N.C.1978) (defects in verification curable and verification satisfied by attorney's affidavit). Additionally, in this case, the fact basis supporting the removal was alleged in the plaintiffs' own complaint; that is, that the defendant Newton's negligence occurred while acting within the scope of his employment. 10 U.S.C. Sec. 1089(a) (1985 Supp.). Furthermore, the district court opinion clearly held that the defendant Dr. Newton was acting within the scope of his employment. Consequently, the fact supporting removal is simply not in question.
 
 B
 
 7
 Second, the plaintiff appears to contend that an oral hearing is required on her motion to remand to Texas state court. In the Fifth Circuit, not even a summary judgment or default judgment motion requires an oral hearing. Allied Chemical Corp. v. Mackay, 695 F.2d 854 (5th Cir.1983); Securities and Exchange Commission v. First Financial Group of Texas, Inc., 659 F.2d 660, 669 (5th Cir.1981). Yet, these motions can terminate the entire litigation. Therefore, an oral hearing is clearly not required on a motion to remand to state court.
 
 C
 
 8
 The third and final issue, and the only one of substance, is whether the district court was required to remand this case to Texas state court. Section 1089(c) provides that when a "remedy by suit within the meaning of subsection (a) is not available against the United States ... the case shall be remanded to the state court."[1] The appellants argue that this sentence means that, because the United States has been held immune as to some issues, Jones v. United States, 729 F.2d 326, 328-30 (5th Cir.1984), and not liable as to all others, Jones v. United States, No. SA-82-CA-346, (W.D.Tex. April 17, 1985), that suit is not available against the United States, and that this case against the treating military physician, Dr. Newton, should therefore be remanded to state court.
 
 
 9
 A remand should not be ordered, however, unless the state court can proceed to act on the case once it gets there; the plaintiff should have some legal possibility of recovering against some defendant. Here, the plaintiff cannot recover against Dr. Newton, the sole defendant. Congress enacted section 1089 to insulate military medical personnel from malpractice liability. S.Rep. No. 1264, 94th Cong., 2nd Sess. 1, reprinted in 1976 U.S.Code Cong. & Ad.News 4443. Section 1089(a) provides:
 
 
 10
 The remedy against the United States ... for damages for personal injury, including death, caused by the negligent ... act ... of any physician ... of the armed forces ... while acting within the scope of his duties ... shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician....
 
 10 U.S.C. Sec. 1089(a) (1985 Supp.)
 
 11
 The meaning is clear: for the causes designated, a suit against the United States is the only remedy against the physician. When suit falls within these designated causes and there can be no recovery against the United States, the plaintiff has reached the end of the line. Baker v. Barber, 673 F.2d 147, 148-49 (6th Cir.1982); Hawe v. United States, 670 F.2d 652 (6th Cir.1982); Hall v. United States, 528 F.Supp. 963 (D.N.J.1981).
 
 
 12
 In this case, the plaintiffs' complaint specifically alleged that the defendant was acting within the scope of his employment when he committed the negligent act or acts alleged. The district court found that the doctor was acting within the scope of his employment. Therefore, the action against the defendant doctor fits squarely within the suits precluded against government physicians by section 1089(a).III
 
 
 13
 We will therefore avoid the absurdity of remanding to state court for the state court to dismiss the case. Accordingly, we affirm the district court's dismissal and denial of the motion to remand to state court.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Subsection (a) of section 1089 provides that suit is available against the United States under the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2672, when military medical personnel commit negligent or wrongful acts or omissions within the scope of their employment. Correspondingly, subsection (a) also provides that such a suit is the only action that can be brought against medical personnel when the suit concerns some act or omission within the scope of their employment