Ralph J. BURCHFIELD, Mercedes I. Burchfield, Ray P. Laughridge, Betty J. Laughridge, Charles R. Jackson, Alice L. Jackson, Felix Subia, Emily M. Subia, and Anna E. Romero, individually and as the personal representative of the estate of Joseph Ignacio Romero, Plaintiffs,

v.

The REGENTS OF the UNIVERSITY OF COLORADO, a body corporate, Maurice M. Gaon, and John Does Number 1 to 100, Defendants.

Civ. A. No. 79–Z–1429.

United States District Court, D. Colorado.

June 30, 1981.

Lee D. Foreman, Grady Bryan Morgan, Haddon Morgan & Foreman, Denver, Colo., for plaintiffs.

Arthur H. Downey, Mary A. Wells, Weller, Friedrich, Hickisch & Hazlitt, George D. Dikeou, Joseph J. Jaudon, Long & Jaudon, P. C., Denver, Colo., co-counsel for defendant The Regents of the University of Colorado.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo., counsel for defendant Maurice M. Gaon.

## ORDER

WEINSHIENK, District Judge.

This matter is before the Court on two Motions to Dismiss filed by defendants in this case. The Court will consider first the Motion to Dismiss or in the Alternative for Summary Judgment of defendant Maurice D. Gaon and next will address the Motion of the Regents of the University of Colorado to Dismiss Amended Eighth and Nineteenth Claims for Relief of Plaintiffs Burchfield, Laughridge, Jackson, Subia, and Romero.

Plaintiffs filed this suit on May 13, 1976, in the District Court in and for the City and County of Denver, State of Colorado, seek-

ing relief for injuries sustained by some of the plaintiffs during the course of their employment between 1951 and 1961 at the Rocky Mountain Arsenal. The plaintiffs include four former civilian employees of the military installation and their wives as well as the widow of another former Arsenal employee. The original Complaint charges the Regents of the University of Colorado who oversee the University of Colorado Medical Center and various employees including Dr. Joseph Holmes with, *inter alia*, negligence and outrageous conduct in the examination, diagnosis and treatment of the former workers. The five Arsenal employees were suffering physical and mental disorders following exposures to toxic substances on the job. Subsequent to the filing of the suit, the plaintiffs learned that Dr. Maurice Gaon rather than Dr. Joseph Holmes was the proper defendant and in September of 1979, plaintiffs amended their Complaint to name Dr. Gaon. He then removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1).

The Amended Complaint claims damages, *inter alia*, for negligence, tortious interference, loss of consortium, and wrongful death in the case of Joseph Romero. It is alleged that the defendants failed to disclose the results of their findings after examinations and testing of the former employees who were then working for the government in the production of nerve gas bombs. The essence of the Complaint is that the former workers were used, without their knowledge or consent, as nerve gas guinea pigs, that they suffered permanent injuries, and that the defendants conspired to prevent the plaintiffs from discovering the cause and effects of their mental and physical maladies.

After oral arguments and careful consideration of the motions and memoranda relevant thereto as well as scrutiny of the statutes in issue and the case law, the Court is now fully advised and prepared to rule.

Regarding Dr. Gaon's Motion to Dismiss, this Court previously ruled that the Motion was denied with respect to the claim of untimely substitution of Gaon as a defendant. The Court reserved ruling on the questions of whether defendant Gaon is absolutely immune from liability based on the Doctrine of Official Immunity and whether the suit is barred by 5 U.S.C. § 8116(c).

The government argues on behalf of Dr. Gaon that this action is barred by the Doctrine of Official Immunity, citing *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), *inter alia*. Because Dr. Gaon's actions were conducted in his official capacity, the government further argues, this must be a suit against the United States. Moreover, because some of the plaintiffs were federal employees and cannot sue under the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. § 2680(a), the government contends this action must proceed, if at all, under the Federal Employees Compensation Act (F.E.C.A.), 5 U.S.C. § 8116(c). In this case, plaintiffs argue, F.E.C.A. claims were filed and benefits denied. The government also asserts that 10 U.S.C. § 1089 immunizes United States military medical personnel for acts which constitute medical malpractice.

In *Barr v. Matteo*, supra, the Supreme Court recognized that the Doctrine of Official Immunity is, in large part, a judicial creation which seeks to balance conflicting considerations. On one side is the need of the individual to receive compensation for damages

> caused by oppressive or malicious action on the part of officials of the Federal Government; and on the other, the protection of the public interest by shielding responsible governmental officers against harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities.

*Id.* at 565, 79 S.Ct. at 1336.

This policy is clarified in *Doe v. McMillan*, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973), wherein the Supreme Court observed that it had not fashioned a fixed, invariable rule of official immunity but instead urged a careful inquiry "into whether the contributions of immunity to effective government in particular contexts outweigh

**1304**

the perhaps recurring harm to individual citizens . . . ." *Id.* at 320, 93 S.Ct. at 2028.

More recently, the Tenth Circuit Court of Appeals held that there is no blanket immunity for governmental doctors acting within the scope of their authority. *Jackson v. Kelly*, 557 F.2d 735 (10th Cir. 1977). The Circuit court points out that if absolute immunity for those involved with health care was intended, Congress would not have enacted 10 U.S.C. § 1089. "Granting defendant official immunity would not only make 10 U.S.C. § 1089(f) superfluous, it would also contravene one of Congress' aims in enacting section 1089(f) in its present form." *Id.* at 740.

■ This Court cannot conclude as a matter of law that Dr. Gaon is protected by absolute immunity. Therefore, the claim that this action is barred by the Doctrine of Official Immunity must fail.

■ With regard to the question of whether this suit must be brought against the United States instead of Dr. Gaon, the Court again looks to the Tenth Circuit case of *Jackson v. Kelly*, supra. The Circuit Court found that 10 U.S.C. § 1089 contemplates indemnification of military medical personnel for medical malpractice claims under special circumstances.[1] The *Jackson* case involved military medical personnel acting within the scope of their duties while "assigned to a foreign country." In the case at bar there are questions of fact and law as to whether Dr. Gaon was "detailed for service with other than a Federal department, agency, or instrumentality," to wit, the University of Colorado Medical Center. Additionally, it is clear that the plaintiffs in the instant case have no reme-

dies under the F.T.C.A. and thus "the circumstances are such as are likely to preclude the remedies of third persons against the United States . . . [under the F.T.C. A.]."

■ The plaintiffs are not barred by the F.E.C.A. because they did not bring this action against the United States and are not required to do so by 10 U.S.C. § 1089. Indeed, the statute provides that personal suits against military medical personnel are to be "deemed a tort action brought against the United States" upon removal from State court when the physician "was acting within the scope of such person's duties or employment at the time of the incident out of which the suit arose, . . ." 10 U.S.C. § 1089(c). The government concedes that Dr. Gaon was within the scope and accordingly, this may be a proper case for compromise or settlement pursuant to § 1089(d)[2] or for indemnification under 10 U.S.C. § 1089(f).

[4] Concerning the Motion of the Regents of the University of Colorado to Dismiss Amended Eighth and Nineteenth Claims for Relief of Plaintiffs Burchfield, Laughridge, Jackson, Subia, and Romero, the Regents assert that the amended claims seek relief for medical malpractice against the Regents as hospital administrators. The plaintiffs dispute the contention that the claims as amended sound in medical malpractice. This Court previously ruled in this case that a hospital and its governing board, the Regents in the instant action, cannot be held liable for medical malpractice. After the ruling, the plaintiffs amended their claims. Upon review of the

1. In pertinent part § 1089(f) provides that:
   The head of the agency concerned or his designee may, to the extent that he or his designee deems appropriate, hold harmless or provide liability insurance for any . . . (physician) . . . for damages for personal injury, including death, caused by such person's negligent or wrongful act or omission in the performance of medical, dental, or related health care functions (including clinical studies and investigations) while acting within the scope of such person's duties if such person is assigned to a foreign country or detailed for service with

other than a Federal department, agency, or instrumentality or if the circumstances are such as are likely to preclude the remedies of third persons against the United States described in section 1346(b) of title 28 [28 U.S.C. § 1346(b)], for such damage or injury.

2. Section 1089(d) provides:
   (d) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in . . . [the F.T.C.A.], and with the same effect.

claims as amended, this Court cannot find that the claims are based on a malpractice theory and, therefore, they survive this motion to dismiss.

Accordingly, it is, therefore,

ORDERED that the Motion to Dismiss or in the Alternative for Summary Judgment of defendant Maurice D. Gaon is denied; it is

FURTHER ORDERED that the Motion of the Regents of the University of Colorado to Dismiss Amended Eighth and Nineteenth Claims for Relief of Plaintiffs Burchfield, Laughridge, Jackson, Subia, and Romero is also denied.