**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Danny FIELDS, Defendant-Appellee.**

**No. 84–5273.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 1986.

Decided March 3, 1986.

David A. Katz, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Arthur Mabry, Los Angeles, Cal., for defendant-appellee.

Before KENNEDY, SCHROEDER, and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Defendant Danny Fields appeals his convictions for Count I, conspiracy to possess and deliver stolen Treasury checks in violation of 18 U.S.C. §§ 371, 510(b), 1708; Count II, possession of stolen mail in violation of 18 U.S.C. § 1708; and Count III, delivery of stolen Treasury checks in violation of 18 U.S.C. § 510(b). A jury found him guilty on all three counts. The district court, however, entered a judgment of acquittal on the third count—delivery of stolen Treasury checks.

Fields appeals the conspiracy and possession convictions. He challenges evidentiary rulings, jury instructions, and sufficiency of the evidence. The government cross-appeals the judgment of acquittal. It argues that the district court misinterpreted 18 U.S.C. § 510(b). We affirmed the convictions on the first two counts in a memorandum disposition filed concurrently with this opinion. *United States v. Fields*, 785 F.2d 317 (9th Cir.1986). In this opinion, we reverse the acquittal on the third count, with instructions to reinstate the jury verdict on the third count and to sentence Fields.

## I.

Fields was charged with conspiracy to possess and deliver stolen Treasury checks, possession of stolen mail, and delivery of stolen Treasury checks. The Treasury checks involved were stolen, but bore no writing, such as endorsements.

After the government presented its case at trial, Fields moved for acquittal and the district court reserved judgment on the motion. The jury found Fields guilty of all three counts. The district court denied Fields' motions to set aside the first two counts, but entered a judgment of acquittal on the third count. The district court concluded that 18 U.S.C. § 510(b) applied only to checks with a falsely made or forged endorsement or signature. The district court reasoned that because the checks in this case were not written on at all and therefore bore no falsely made or forged endorsements or signatures, Fields could not have violated the statute, even though the checks were stolen.

The government timely cross-appealed the judgment of acquittal on the third count, arguing that the district court misinterpreted 18 U.S.C. § 510. Fields argues that double jeopardy bars appeal of the judgment of acquittal. We disagree. Reversal of the acquittal will subject Fields neither to a new trial nor to multiple punishment. *United States v. Wilson*, 420 U.S. 332, 352, 95 S.Ct. 1013, 1026, 43 L.Ed.2d 232 (1975) (double jeopardy interests do not apply to postverdict rulings of law by trial judge); *United States v. Wright*, 742 F.2d 1215, 1224 (9th Cir.1984) (if acquittal is reversed, original jury verdict can be reinstated).

## II.

The text of 18 U.S.C. § 510 (emphasis added) provides in relevant part:

(a) Whoever, with intent to defraud—

(1) falsely makes or forges any endorsement or signature on a Treasury check or bond or security of the United States; or

(2) passes, utters, or publishes, or attempts to pass, utter, or publish, any Treasury check or bond or security of the United States bearing a falsely made or forged endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

(b) Whoever, with knowledge that *such* Treasury check or bond or security of the United States is stolen or bears a falsely made or forged endorsement or signature buys, sells, exchanges, receives, delivers, retains, or conceals any *such* Treasury check or bond or security of the United States that in fact is stolen *or bears a forged or falsely made endorsement or signature* shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

In this case, the checks were stolen but bore no "falsely made or forged endorsement or signature." The district court interpreted section 510(b) to apply only to conduct involving checks that are falsely endorsed or signed. It reasoned that the word "such" before the phrase "Treasury check" referred to Treasury checks that bear a falsely made or forged endorsement or signature, described in section 510(a).[1]

■ We review a district court's statutory interpretation de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), *cert. denied*, — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We begin by analyzing the language of the statute. *Landreth Timber Co. v. Landreth*, — U.S. —, 105 S.Ct. 2297, 2301–02, 85 L.Ed.2d 692 (1985). The word "such" creates an ambiguity because it could refer either to "a Treasury check or bond or security of the United States," section 510(a)(1) (the government's choice), or to "any Treasury check or bond or security of the United States bearing a falsely made or forged endorsement or signature," section 510(a)(2) (Fields' choice).[2]

■ If a statute is susceptible to two meanings, we choose the meaning that gives full effect to all provisions of the statute. *Mountain States Telephone & Telegraph Co. v. Pueblo of Santa Ana*, — U.S. —, 105 S.Ct. 2587, 2595, 86 L.Ed.2d 168 (1985). Fields' interpretation gives no effect to the phrase in section 510(b) we italicized *supra*, because it creates a redundancy. In essence, Fields' interpretation would make section 510(b) read: Whoever delivers a forged check, knowing that the forged check is stolen or forged, when the forged check is in fact stolen or forged, shall be fined or imprisoned. Requiring for a violation that a forged check be "in fact" forged (Fields' interpretation) is redundant—a forged check is always "in fact" forged—and gives the italicized phrase no effect. Requiring for a violation that a Treasury check be forged (the Government's interpretation) is not redundant, and gives the italicized phrase full effect.

In addition, the legislative history of the statute supports the government's interpretation. The purpose of section 510 was to close a loophole. The former statute's language did not apply to stolen Treasury checks that were not falsely endorsed. As Senate Report 98–225 points out,

> [I]t is currently possible for a thief to steal a Treasury check endorsed by a payee, endorse his own name and obtain the proceeds, and not violate section 495. In addition, it is possible for a thief to steal one or more government checks or bonds from the rightful owner and sell them to a middle man and not violate section 495.... Section 511 [renumbered section 510(b)] would ... penalize whoever buys, sells, exchanges, receives, delivers, retains, or conceals a stolen United States security or one that bears

---

1. Fields also argues that the heading of section 510, "Forging endorsements on Treasury checks ...," restricts its coverage to stolen forged checks. This argument fails. Headings are not part of the statute itself. They may be helpful in interpreting amibiguities. *Russ v. Wilkins*, 624 F.2d 914, 922 (9th Cir.1980). However, they are helpful primarily in indicating some overall congressional scheme, and, in light of the legislative history of the statute, do not aid us here.

2. Grammatical rules of construction are of little help. On the one hand, if "such" could apply to more than one noun in the sentence, it applies to the immediately preceding noun. This interpretation would aid Fields, because "such" would refer to a forged Treasury check. On the other hand, "such" could refer to the previous mention of the term "a Treasury check." This interpretation would aid the government. These rules do not help much because the ambiguity remains.

a forged endorsement or signature knowing that the security is stolen or bears such an endorsement.

S.Rep. No. 225, 98th Cong., 1st Sess. 371–72 (1983), U.S.Code Cong. & Admin.News 1984, 3182, 3512, 3513. Thus, the clear intent of Congress was to punish the conduct involved in this case.

■ We find the government's arguments persuasive. We hold that 18 U.S.C. § 510(b) encompasses conduct involving stolen Treasury checks, whether or not they bear falsely made or forged endorsements or signatures. Fields therefore violated 18 U.S.C. § 510(b) and the district court erred in entering a judgment of acquittal.

### III.

We reverse the judgment of acquittal and remand with instructions to reinstate the jury verdict on the third count and to sentence Fields.