**Debra POWERS, et al.,**
**Plaintiffs-Appellants,**

**v.**

**Herbert W. SCHULTZ, M.D.,**
**Defendant-Appellee.**

**No. 87–5532**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 13, 1987.

Richard B. Arrotta, Tucson, Ariz., Lockie J. Gibson, Houston, Tex., for plaintiffs-appellants.

Gordon D. Laws, Raymond A. Nowak, Asst. U.S. Attys., San Antonio, Tex., Nikki Calvano, Jeffrey Axelrad, Attys., U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant-appellee.

Before GEE, RUBIN and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This suit was brought in Texas state court against Dr. Schultz, alleging a medical malpractice claim against him in his individual capacity for a diagnosis made when he was serving as a physician in the United States Air Force in West Germany. The United States, representing Dr. Schultz, removed the suit to federal court pursuant to 10 U.S.C. § 1089(c)[1] The

---

1. 10 U.S.C. § 1089(c) provides:

(c) Upon a certification by the Attorney General that any person described in subsection (a) was

government then moved the district court to substitute the United States, in the place of Dr. Schultz, as the proper party defendant on grounds that, pursuant to 10 U.S.C. § 1089(a), a suit against the United States under the Federal Tort Claims Act (FTCA) is the exclusive remedy of the plaintiff.[2] The United States further moved the court, upon granting the motion to substitute, to dismiss the complaint for failure to state a cause of action, on grounds that the FTCA specifically provides that it does not apply to claims arising in foreign countries.[3] The motions were granted and the complaint dismissed. The plaintiff, Debra Powers, individually and as next friend of her child, Christopher L. Sanchez, now appeals, arguing that the district court, upon determining that the plaintiff had no cause of action under the FTCA, should not have dismissed the complaint, but rather should have remanded the case to the state court pursuant to 10 U.S.C. § 1089(c) to allow her cause of action to proceed against Dr. Schultz in his individual capacity. There is no real quarrel on appeal with the substitution of the United States as party defendant or with the district court's holding that the United States is immune from suit. The plaintiff does vigorously contend, however, that the district court erred in dismissing the complaint instead of remanding the case to the state court.

Resolution of whether the complaint was properly dismissed instead of remanded requires interpretation of 10 U.S.C.

§§ 1089(a), (c) and (f) and the FTCA, 28 U.S.C. §§ 1346 and 2680(k); to be sure, the resolution of this question ultimately depends upon whether Dr. Schultz enjoys immunity in the sense that the plaintiff's *sole* cause of action lies under the FTCA. In examining these statutory provisions, we do so observing the premise that the FTCA is a limited waiver of sovereign immunity with respect to certain torts committed by agents of the United States. There are several exceptions to the FTCA's waiver of immunity, which are listed at 28 U.S.C. § 2680. The exception that is significant to our case is section 2680(k), which excepts from the FTCA grant of immunity causes of action arising in foreign countries.

Against the backdrop of the FTCA, Congress in 1977 enacted the Medical Malpractice Immunity Act (the Act), 10 U.S.C. § 1089. Subsection (a) of the Act states that:

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury, ... caused by the negligent or wrongful act or omission of any physician ... in the performance of medical, dental, or related health care functions ... while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician ... whose act or omission gave rise to such action or proceeding.

---

**2.** 10 U.S.C. § 1089(a) provides in pertinent part:

acting in the scope of such person's duties or employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State court.

**Defense of certain suits arising out of medical malpractice**

(a) The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury ... caused by the negligent or wrongful act or omission of any physician ... of the armed forces ... in the performance of medical ... functions ... while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician ... whose act or omission gave rise to such action or proceeding.

**3.** 28 U.S.C. § 2680(k) provides:

**Exceptions**

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(k) Any claim arising in a foreign country.

Subsection (c) provides the procedure for removal of such cases to federal court and the circumstances under which a suit may be remanded. Subsection (f) authorizes the heads of agencies to procure liability insurance for physicians who are assigned to a foreign country.

We thus begin our application of the statutes to this case with two uncontroverted propositions. First, Powers' action is one that comports with the description set out in subsection (a), that is, it is a suit *for* damages for personal injury caused by the negligent or wrongful act or omission of a physician in the performance of medical functions while acting within the scope of his duties. Second, if Powers had initially brought her suit in federal court under the FTCA, it would have been dismissed on the basis of the foreign-country exception to the FTCA's waiver of sovereign immunity. Although the parties agree with these initial propositions, they disagree about the results that follow from applying the provisions of section 1089 to these facts.

Powers' argument is based primarily on the last sentence of 1089(c), which provides:

Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State court.

According to Powers, subsection (c) therefore requires that any removed suit against a physician individually, in which relief is precluded by the FTCA, must be remanded to state court and that it was error therefore to dismiss the complaint. We disagree.

We base our disagreement with Powers' argument on our review of section 1089(c) in the context of the Medical Malpractice Immunity Act as a whole. First, the legislative history makes very clear that the

purpose of the Act is to "extend to personnel performing medical ... services or duties in or for the Armed Forces, an immunity from civil suit and personal liability for acts of an alleged medical malpractice performed while acting within the scope of their employment." H.R.Rep. No. 333, 94th Cong.2d Sess. 2 (1976). Adoption of Power's argument would tend to vitiate this purpose in most all medical malpractice cases in which the United States is immune from suit under the FTCA. Specifically, if we accept Powers' argument, military physicians, like Dr. Schultz, who do their tours of duty stationed in foreign lands would *never* benefit from the immunity sought to be bestowed by the Act. An interpretation of the Act that would provide such a broad and sweeping exception to immunity simply cannot be reconciled with the intent and purposes of the Act to grant, practically speaking, blanket immunity.

Nor do the specific statutory provisions support Powers' argument. Powers argues that military physicians practicing in foreign countries are obviously not immune under the FTCA because section 1089(f) [4] authorizes agency heads to procure liability insurance for physicians serving in foreign countries. We do not read the meaning of section 1089(f) in the same manner as Powers does. Medical malpractice occurring in a military facility in a foreign country is potentially actionable both in the United States and the foreign country. Section 1089 obviously can provide protection only for the suits brought in courts in the United States. The Act recognizes this fact and authorizes the procurement of liability insurance to protect military physicians against suits filed in the court systems of foreign countries. Additionally, we must read section 1089(f) in the light of the legislative history and the language of section 1089(a), which clearly demonstrates that Congress made suit against the United States an exclusive remedy for Powers' cause of action. *See Carlson v. Green*, 446

---

4. Section 1089(f) provides:

The head of the agency concerned may, ... provide liability insurance for any person described in subsection (a) for damages for personal injury, ... caused by such person's negligent or wrongful act or omission in the performance of medical, dental, or related health care functions while acting within the scope of such person's duties if such person is assigned to a foreign country....

U.S. 14, 21, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980). Because the legislative history and subsection (a) evidence a purpose to *protect* military physicians from liability by providing an exclusive remedy, we cannot read section 1089(f) in a way that would serve to *subject* military physicians to extensive liability.

When we turn to section 1089(c), upon which Powers primarily relies, we interpret the language of that subsection to comport with our reading and understanding of the legislative history. Subsection (c) provides that the case shall be remanded to state court if the federal court determines that "a remedy by suit *within the meaning of subsection (a)* of this section is not available against the United States." (Emphasis supplied.) Thus we examine subsection (a) to determine whether Powers' complaint states a cause of action for which section 1089(a) provides a remedy. The subsection provides a remedy "for damages for personal injury, ... caused by the negligent or wrongful act or omission of any physician ... while acting within the scope of his duties...." The complaint in this case alleges that Dr. Schultz, while acting within the scope of his employment as a military physician negligently misdiagnosed the plaintiff's case, thereby causing the injuries complained of. It then is clear that, when one compares the complaint to the provisions of section 1089(a), a cause of action is alleged for which subsection (a) provides the remedy of damages. It is only when we take into account the provisions of 28 U.S.C. § 2680(k) that we conclude that the suit is barred, not on grounds that it fails to state a cognizable malpractice claim under section 1089(a), but because the United States has not waived its sovereign immunity for actions arising in foreign countries under 28 U.S.C. 2680(k).

Our reading of subsection (c) is fully supported, if not dictated, by our decision in *Jones v. Newton,* 775 F.2d 1316 (5th Cir.1985). There the plaintiff filed separate suits against the physician, individually, and the United States, under the FTCA, for the alleged wrongful death of her son after a motorcycle accident on a United States Air Force base. The suit against the United States was dismissed upon a finding of no liability. 775 F.2d at 1317. We then affirmed dismissal of the suit against the individual physician stating that "[t]he meaning of [Section 1089(a)] is clear: for the causes designated, a suit against the United States is the only remedy against the physician. When suit falls within these designated causes and there can be no recovery against the United States, the plaintiff has reached the end of the line." *Id.* at 1318 (emphasis added). Although we did not specifically discuss the interrelation between subsection (a) and (c), *Jones'* reasoning is applicable: when a claim against a military physician is made for negligence committed within the scope of his employment, the FTCA is the *sole* remedy a plaintiff has. Powers, however, attempts to distinguish *Jones* on the ground that the cause of action there arose on United States soil and not in a foreign country as did hers. The distinction makes no difference. As we have made clear earlier in this opinion, section 1089(a) makes suit against the United States the *only* remedy for negligent acts of a military physician acting within the scope of his duties, regardless of whether suit is foreclosed on other grounds, be it the absence of liability as in *Jones,* or the foreign-country exception to the FTCA, as here. *See* 775 F.2d at 1318. We therefore conclude that the district court did not err in dismissing the complaint as opposed to remanding the case to state court.

Accordingly the judgment of the district court is

AFFIRMED.