**Robert WILSON, Plaintiff–Appellee,**

v.

**Sammy DRAKE; United States of America, Defendants–Appellants.**

**No. 94–56428.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1995.

Decided July 1, 1996.

1074

Matthew M. Collette, Department of Justice, Washington, D.C., for defendants-appellants.

Bennett Rolfe, Rolfe, Smith–Low & Coleman, Camarillo, California, for plaintiff-appellee.

Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether a federal employer is entitled to immunity for intentional torts allegedly committed by one of its employees against another on a government installation in California.

I

Robert Wilson is an engineer at the Naval Air Warfare Center in Point Mugu, California; Sammy Drake is his immediate supervisor. In June 1993, Wilson filed a complaint in California state court against Drake in his

individual capacity for "injury to reputation, battery, violation of personal space." [1]

Wilson alleges that on one occasion in June 1992, Drake allegedly came to his office in the morning to request information concerning a doctor's recommendation that he receive reasonable accommodation for his carpal tunnel syndrome. Wilson claims that when he tried to leave his office to go to the bathroom, Drake prevented Wilson from leaving for approximately thirty minutes.

Wilson also alleges that Drake used physical force later that day to prevent him from tape recording a conversation: "DRAKE thereupon climbed upon my torso, used his body to hold me down and his arms and hands in an attempt to prevent me from turning the tape recorder back on." Wilson claims that he "sustained some physical injury and severe emotional distress and mental anguish as a result of the actions of DRAKE."

For his part, Drake maintains: "I have stood in [Wilson's] doorway while trying to talk to him; but, I have never blocked his exit and certainly never stayed thirty minutes as he claims in his declaration." Drake also denies Wilson's claim that Drake climbed on his torso and held Wilson down.

In due course, the United States Attorney for the Central District of California certified, pursuant to 28 U.S.C. § 2679(d), that Drake "was acting within the course and scope of his employment with the United States, at all times material to such alleged incidents [in Wilson's complaint]." As a result of the certification, the action was removed from state court to the United States District Court for the Central District of California and the United States was substituted as the defendant in place of Drake.

The United States then moved to dismiss for lack of subject matter jurisdiction under the Federal Tort Claims Act ("FTCA") on the grounds that (1) Wilson had failed to file an administrative claim as required by 28 U.S.C. § 2675(a), and that (2) Wilson's claims were barred by 28 U.S.C. § 2680(h), which

exempts from the FTCA "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Wilson opposed this motion and also moved for resubstitution of Drake as the defendant.

At a hearing on the motion to dismiss, the district court indicated that it would grant the government's motion to dismiss because the United States cannot be sued for intentional torts. However, the court also indicated that it would grant Wilson's request to have Drake resubstituted for the United States as the defendant, thus preserving Wilson's tort action.

The district court provided the following explanation for its decision:

> The Court notes that the California cases construing the scope of employment have done so for the purpose of extending rather than limiting liability. The Court believes that the California Supreme Court, confronted with the facts of this case, would carve an exception from the broad construction of course and scope of employment heretofore given only in cases where the effect is to create an additional liable party. Rather, the Court believes that the California Supreme Court would construe course and scope more narrowly when faced with facts such as those in this case, so as not to have the effect of eliminating a party's responsibility for its own intentional acts and leaving the plaintiff with no remedy at all.

*Wilson v. United States*, No. 93–6826, at 2–3 (C.D.Cal. Apr. 20, 1994) (unpublished order).

Since the court had resubstituted him as the defendant, Drake then submitted several affidavits of his superiors and co-workers in support of a motion for summary judgment. In this motion, Drake argued that since he was acting within the scope of employment, the United States is the proper defendant under the FTCA.

The district court denied Drake's motion for summary judgment. The court acknowl-

---

1. When Wilson's action was later removed to federal court, he recharacterized his claims as "false imprisonment and assault and battery."

edged that the alleged conduct fell within California's definition of scope of employment, but maintained that "properly educated, ... the California Supreme Court—will say ... [that] intentional tortious acts, acts done outside the authority of the actor, can produce liability even to federal employees, even if there is a declaration that those same acts are done within course and scope." Transcript of Proceedings Before Hon. J. Spencer Letts in *Wilson v. United States*, No. 93–6826, at 7 (C.D.Cal. Sept. 26, 1994).

After the district court indicated that it would proceed with trial despite the filing of the notice of appeal, Drake and the United States moved this court for an emergency stay pending appeal. On October 31, 1994, this court ordered that the district court's order could be immediately docketed as an interlocutory appeal from denial of immunity and granted the motion to stay the district court case pending appeal.

## II

The FTCA, 28 U.S.C. § 1346(b), provides a cause of action against the federal government for "persons injured by the tortious activity of an employee of the United States, where the employee was 'acting within the scope of his office or employment....'" *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 742 (9th Cir.1991) (quoting 28 U.S.C. § 1346(b)). The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FELRTCA" or "Westfall Act"), which amended the FTCA, provides that "[t]he remedy against the United States" under the FTCA "is exclusive of any other civil action or proceeding for monetary damages." 28 U.S.C. § 2679(b)(1).

If Drake were acting within the scope of his employment, then the FTCA would provide Wilson's exclusive remedy. 28 U.S.C. § 2679(b)(1); *see United States v. Smith*, 499 U.S. 160, 161–67, 111 S.Ct. 1180, 1183–85, 113 L.Ed.2d 134 (1991); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 58, 130 L.Ed.2d 16 (1994). However, the FTCA expressly bars causes of action for intentional torts such as assault, battery, and false imprisonment. 28 U.S.C. § 2680(h); *see* 28 U.S.C. § 2679(d)(4) (ac-

tions against government pursuant to section 1346(b) (the FTCA) are "subject to the limitations and exceptions applicable to those actions"). As a second jurisdictional limitation, a FTCA action "shall not be instituted" against the United States unless the claimant first presents his claim to the "appropriate federal agency" and the claim is denied. *Meridian*, 939 F.2d at 743 (citing 28 U.S.C. § 2675(a)).

Since Wilson's complaint is limited to assault, battery, and false imprisonment, and since he failed to exhaust his administrative claim, his suit must be dismissed for lack of subject matter jurisdiction if Drake was indeed acting within the scope of his employment. 28 U.S.C. §§ 2675(a), 2680(h).

■■■ For purposes of the FTCA, this court reviews de novo whether a government employee was acting within the scope of his employment. *Meridian*, 939 F.2d at 745. FTCA scope of employment determinations are made "according to the principles of *respondeat superior* of the state in which the alleged tort occurred." *Pelletier v. Federal Home Loan Bank*, 968 F.2d 865, 876 (9th Cir.1992) (citations omitted). Here, California law applies.

■■■ California extends respondeat superior liability to cases where "'the risk was one "that may fairly be regarded as typical of or broadly incidental" to the enterprise undertaken by the employer.'" *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 285 Cal. Rptr. 99, 102, 814 P.2d 1341, 1344 (1991) (quoting *Perez v. Van Groningen & Sons, Inc.*, 41 Cal.3d 962, 227 Cal.Rptr. 106, 109, 719 P.2d 676, 679 (1986) (citation omitted)). Under this rule, even "[t]ortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment." *Id.* An assault or battery committed by an employee is within the scope of employment even if it violates the employer's direct orders if it results from "a dispute arising out of the employment." *Carr v. Wm. C. Crowell Co.*, 28 Cal.2d 652, 171 P.2d 5, 7 (1946) (employee of general contractor who threw hammer at employee of subcontractor during work-related dispute acted

within scope of employment). Only where an employee "substantially departs from his duties for purely personal reasons" will liability fail to attach. *John R. v. Oakland Unified Sch. Dist.,* 48 Cal.3d 438, 256 Cal.Rptr. 766, 771, 769 P.2d 948, 953 (1989).

■ California's broad definition of "scope of employment" encompasses the actions that Wilson attributes to Drake. The acts alleged all took place in the office during regular business hours and involved work-related matters. Even Wilson himself has acknowledged that the alleged torts "involved work related issues." *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 2–3, *Wilson v. Drake,* No. 93–6826 (C.D.Cal. Sept. 12, 1994). In fact, both of the alleged incidents took place when Drake, in his capacity as Wilson's supervisor, was trying to obtain information from Wilson concerning Wilson's work-related disability.

Thus, more than sufficient support exists in the record to justify the U.S. Attorney's certification that Drake was acting within his scope of employment.[2] Even if Drake did everything that Wilson alleges he did, Drake's actions could be seen as within the scope of his employment insofar as he was attempting to prevent Wilson's unauthorized taping of conversations in the workplace.

As for the district court's interpretation of California state law, there appears to be no legal justification for the district court's conclusion that although Drake acted within the scope of his employment under California law, a California court would avoid reaching this conclusion so that Drake would not receive immunity for his alleged behavior. Such reasoning conflicts with *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991), in which the Supreme Court held that the FTCA is "the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." *Id.* at 166, 111 S.Ct. at 1185; *see Gutierrez de Martinez v. Lamagno,* —— U.S. ——, ——, 115 S.Ct. 2227, 2233, 132 L.Ed.2d 375 (1995) ("When the United States retains immunity from suit, certification disarms plaintiffs. They

may not proceed against the United States, nor may they pursue the employee shielded by the certification.") (citing *Smith,* 499 U.S. at 166, 111 S.Ct. at 1185).

In *Smith,* the Supreme Court reversed this court's holding that the FTCA is the exclusive remedy for employment-related torts committed by government employees only when the FTCA in fact provides a remedy. *Smith v. Marshall,* 885 F.2d 650, 655 (9th Cir.1989), *rev'd sub nom. United States v. Smith,* 499 U.S. 160, 163–67, 111 S.Ct. 1180, 1184–85, 113 L.Ed.2d 134 (1991). The Smiths brought suit in the Central District of California against the Army doctor who delivered their baby (with brain damage) at a U.S. Army hospital in Italy. The United States intervened and sought to have itself substituted as the defendant pursuant to the Gonzalez Act, 10 U.S.C. § 1089, which provides that in suits against military medical personnel for torts committed within the scope of their employment, the United States is to be substituted as the defendant and the suit is to proceed against the United States under the FTCA. *See Smith,* at 161, 111 S.Ct. at 1183 (citing 10 U.S.C. § 1089(a)-(b)). In addition, the government argued that, because the action arose overseas, the FTCA exception excluding recovery for injuries sustained abroad, 28 U.S.C. § 2680(k), precluded government liability. The district court granted the government's motion for substitution and dismissed the action. *Id.*

Noting that section 2680(k) precludes the Smiths from pursuing any remedy against the United States, this court refused to find that the "exclusive remedy" language of FELRTCA, which amended the FTCA in 1988, would operate to immunize the Army doctor from the Smiths' suit against him individually. *Smith,* 885 F.2d at 654–55. Resolving a conflict among the circuits, the Supreme Court reversed this court and held that the FELRTCA indeed "immunizes Government employees from suit even when an FTCA exception precludes recovery against the Government." *Smith,* at 165, 111 S.Ct. at 1184–85.

---

2. The U.S. Attorney's certification that the defendant was acting within the scope of employment

is subject to de novo review. *Pelletier,* 968 F.2d at 875.

Therefore, as long as the alleged acts are within the scope of employment (as determined by the local state's respondeat superior law), even an offending employee may be immunized for intentional torts also found to be within that scope. As the Supreme Court concluded in *Smith:* "Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether." *Smith,* at 166, 111 S.Ct. at 1185.

### III

Finally, we consider Wilson's contention that the district court could have reached its conclusion without carving out an exception to California's respondeat superior law. Relying on cases not cited by the district court, Wilson argues that California's respondeat superior doctrine is "sufficiently flexible so that the doctrine will not be applied in any situation where a remedy [for wrongs such as were alleged by Wilson] is completely extinguished." In support, Wilson stresses the following three policy considerations, which underlie California's respondeat superior law: "(1) to prevent recurrence of tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury." *Mary M.,* 285 Cal.Rptr. at 101–02, 814 P.2d at 1343–44 (citations omitted). Wilson's contention is without merit.

Although California courts have considered these policy considerations in the context of difficult respondeat superior cases, it is noteworthy that California cases have held that state and county employees acted within the scope of employment even when a California statute immunized both the employer and the employee. *See, e.g., Cappuccio, Inc. v. Harmon,* 208 Cal.App.3d 1496, 257 Cal.Rptr. 4, 8 (1989); *Kemmerer v. County of Fresno,* 200 Cal.App.3d 1426, 246 Cal.Rptr. 609, 614 (1988). This undermines the notion that a California court would apply a different version of respondeat superior to a federal employee as opposed to a non-federal employee

simply to make certain that the plaintiff would have an available remedy.

Moreover, we emphasize that Wilson's application of such state law policy considerations would have the effect of nullifying the federal statutes that grant immunity to federal employees so that they can perform their duties without the threat of tort actions. As we have seen, the Supreme Court's holding in *Smith* precludes such a result. 499 U.S. at 166, 111 S.Ct. at 1185.

### IV

For the foregoing reasons, we reverse the district court's order denying summary judgment and remand with instructions (1) to substitute the United States as the defendant in place of Drake, pursuant to 28 U.S.C. § 2679(d), and (2) to dismiss Wilson's intentional tort action against the United States, pursuant to 28 U.S.C. § 2680(h).

REVERSED & REMANDED.