SAFFORD AVIATION SERVICE, INC., an Arizona corporation, Doug Benson, husband, Andrea Benson, wife. Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 00–15367.

D.C. No. CV–98–00594–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided July 25, 2001.

Before SNEED, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

Doug and Andrea Benson and Safford Aviation (collectively "Appellants") appeal the district court's order dismissing their action for lack of subject matter jurisdiction under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, 2680(h). Appellants claim that David Broadnax, an investigator for the Office of Aircraft Services ("OAS"), was not acting within the scope of his employment with the United States when he made certain allegedly defamatory statements three days following his transfer from the OAS

---

\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

to the United States Forest Services ("USFS"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Federal Employees Liability Reform and Compensation Act ("FELRTCA") immunizes United States employees from liability if they commit "negligent or wrongful act[s] or omission[s] ... while acting within the scope of [their] office or employment." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir.1993) (citing 28 U.S.C. § 2679(b)(1)). Certification by the Attorney General that the federal employee was acting within his scope of employment requires the substitution of the United States as the defendant in place of the employee, and leaves the plaintiff with a single avenue of recovery, the FTCA. *Id.* at 698. Under § 2680(h), of the FTCA, however, a district court lacks subject matter jurisdiction over a defamation claim against the United States. Thus, Appellants are not entitled to relief if Broadnax was acting within the scope of his employment when he made the allegedly defamatory statements. *United States v. Smith*, 499 U.S. 160, 166, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991) (Where an action is properly against the United States under the FTCA, the FTCA is the "exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability."); *see also Wilson v. Drake*, 87 F.3d 1073, 1076–78 (9th Cir.1996).

■ Whether Broadnax's conduct falls within the scope of his employment turns on the respondeat superior principles of the state in which the alleged defamation occurred. *Green*, 8 F.3d at 698–99; *Pelletier v. Federal Home Bank*, 968 F.2d 865, 876 (9th Cir.1992). Under Arizona law, an act falls within the scope of employment "if and only if (a) it is the kind he is employed to perform; (b) it occurs substantially within authorized time and space limits; and (c) it is motivated, at least in part, by a purpose to serve the employer." *State of Arizona v. Schallock*, 189 Ariz. 250, 941 P.2d 1275, 1281 (1997).

■ The district court did not err in finding that Broadnax's communication, although made three days after transferring to the USFS, was within the scope of his employment under Arizona law. The United States Attorney, acting on behalf of the Attorney General, certified that Broadnax was acting within the scope of employment of the United States. He also certified that "it is not uncommon for federal employees who transfer employment within or between various federal executive branch agencies to be contacted about information or knowledge obtained in their former employment." Appellants failed to meet their "burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir.1995).

The conversation occurred substantially within the authorized time and space limits of Broadnax's employment in that it took place during work hours at the USFS and as part of his remaining obligations as an OAS employee. Defendants offer no evidence to suggest that Broadnax was not acting at least in part with the purpose of serving his employer.

Thus, because Arizona's law of respondeat superior amply encompasses Broadnax's statements, the district court correctly dismissed the action with prejudice for lack of subject matter jurisdiction.

AFFIRMED.