T.C. Summary Opinion 2006-53


UNITED STATES TAX COURT


MELISSA L. MOLONEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21859-04S.            Filed April 17, 2006.


Melissa L. Moloney, pro se.

<u>Bradley C. Plovan</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provi-
sions of section 7463 of the Internal Revenue Code in effect at
the time the petition was filed.[1]  The decision to be entered is
not reviewable by any other court, and this opinion should not be
cited as authority.

---

[1]Hereinafter, all section references are to the Internal
Revenue Code in effect for 2002, the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,377 in petitioner's Federal income tax for her taxable year 2002.

The issue remaining for decision is whether petitioner is required to include in gross income for her taxable year 2002 a $4,372 award that she received in that year. We hold that she is.

## Background

Virtually all of the facts have been stipulated by the parties and are so found.

At the time petitioner filed the petition in this case, she resided in Baltimore, Maryland.

Throughout the period 1996 through 1999, the Federal Stafford Loan (Subsidized and Unsubsidized) Program made educational loans totaling approximately $55,000 to petitioner that she used to pay expenses that she incurred in attending law school (petitioner's law school loan). Neither the note nor any other documents relating to that loan provided that petitioner's law school loan would be forgiven if petitioner were to work after law school for the Baltimore County State's Attorney's Office (State's Attorney's Office).

In 2002, the Janet L. Hoffman Loan Assistance Repayment Program (LARP), through the Maryland Higher Education Commission, offered petitioner an award of $4,372 for the 2002-2003 award year (petitioner's LARP award) that was to be used to repay part

of petitioner's law school loan.  The letter by which petitioner was notified of petitioner's LARP award (petitioner's LARP award notification letter) stated in pertinent part:

> You are being offered a Janet L. Hoffman Loan Assistance Repayment Program (LARP) award for the 2002–2003 award year.
>
> **Please sign and return the LARP award letter and certification form to the Office of Student Financial Assistance within three weeks of the date on the award letter. * * ***
>
> Please be aware of the following information regarding your LARP award.
>
> 1.  The LARP award will be sent to you in the form of a dual-payee check made out to both you and the lender with whom you have the highest loan indebtedness.
>
> 2.  Two dual-payee checks will be sent to you, one in November and one in March.  The first employment verification form is included in your application form.  The second employment verification form will be sent in February.  The March check will be sent after your second employment verification form has been received.  If your employment verification is not received within the allowed time, your LARP award will be canceled.
>
> 3.  The LARP award is renewable next year, but is subject to change in light of your financial condition and the number of years you have received LARP assistance.
>
> 4.  You are responsible for contacting your lender to discuss how the LARP award will affect payment for this year.
>
> 5.  This LARP award can only be used with the lender specified on the award letter.  It is your responsibility to pay your loans with other lenders.
>
> 6.  The LARP award is considered taxable income for the year that the actual payment is received.  It

is your responsibility to declare it as such on your income tax return.

To accept the LARP award, you must maintain full-time employment with the state or local government or a nonprofit organization. * * *

**If you change employment and the new employer is ineligible, you will be required to repay the LARP award on a prorated basis to the Office of Student Financial Assistance.**

In order to qualify for petitioner's LARP award, petitioner was required to be a so-called public servant. During 2002, petitioner worked for the State's Attorney's Office. Such work qualified petitioner as a public servant for purposes of petitioner's LARP award. Petitioner's LARP award of $4,372 was determined on a sliding scale based upon petitioner's salary at the State's Attorney's Office.

On May 31, 2002, petitioner accepted petitioner's LARP award of $4,372 and signed the financial aid notification acceptance letter that she received from the Maryland Higher Education Commission. That letter stated in pertinent part:

The Maryland Higher Education Commission is pleased to offer you financial aid for the 2001-2002[2] award year. These funds are intended to assist you with the repayment of your educational loan with the lender listed below. Please be aware that this offer may change or be cancelled if you change employers. * * *

----

[2]There is a discrepancy that we are unable to resolve on the record before us between petitioner's LARP award notification letter and the financial aid notification acceptance letter as to the award year to which petitioner's LARP award pertained. However, such award year is not material to our resolving the issue presented in this case.

Neither the Janet L. Hoffman Loan Assistance Repayment Program nor the Maryland Higher Education Commission refinanced or agreed to assume all or part of petitioner's law school loan in connection with the grant to petitioner of petitioner's LARP award of $4,372.

At the time in 2002 petitioner was offered petitioner's LARP award, the lender of petitioner's law school loan was Sun Tech., Inc. Thereafter, AFSA became the owner of petitioner's law school loan. Neither the original lender of petitioner's law school loan nor any subsequent owner of that loan agreed that petitioner's law school loan would be forgiven if petitioner were to work for the State's Attorney's Office.

Petitioner's LARP award of $4,372 was made by means of a dual-payee check ($4,372 dual-payee check) made out to both petitioner and AFSA. Petitioner used that check to make a payment on petitioner's law school loan. Thereafter, the owner of that loan issued a statement to petitioner indicating that it had credited $4,372 against the principal of petitioner's law school loan. At no time after petitioner used the $4,372 dual-payee check to make a payment on petitioner's law school loan did the owner of that loan indicate to petitioner that it was forgiving all or part of that loan.

Petitioner filed Form 1040A, U.S. Individual Income Tax Return, for her taxable year 2002 (petitioner's 2002 return). In

that return, petitioner, inter alia, (1) did not include in gross income petitioner's LARP award of $4,372 and (2) claimed a student loan interest deduction of $2,350.

Respondent issued a notice of deficiency (notice) to petitioner for her taxable year 2002. In that notice, respondent determined to include in gross income petitioner's LARP award of $4,372. Respondent also determined in the notice to reduce to $1,622 the amount of the student loan interest deduction that petitioner claimed in petitioner's 2002 return.

## Discussion

The only issue remaining for our consideration is whether petitioner is required to include in gross income for 2002 petitioner's LARP award of $4,372.[3]

In support of her position that she is not required to include in gross income for 2002 petitioner's LARP award of $4,372, petitioner relies on section 108(f). According to petitioner,

> Looking to both the language of the Internal Revenue Code Section 108(f) and the award letter for the LARP, both specify that the person receiving the financial award must work in a specified employment, in the case of the LARP, it is full-time employment with the state or local government or non profit organization. Looking to the CCH Explanation of Internal Revenue Code

---

[3]In the petition and at trial, petitioner made no allegations or arguments with respect to respondent's determination in the notice to reduce the amount of the student loan interest deduction that she claimed in petitioner's 2002 return. We conclude that petitioner does not dispute that determination.

Section 108(f) for further guidance of the intent of that section, it states:

> In order to ensure the professional participation in public service activities, many educational organizations sponsor programs which offer students an opportunity to be discharged (partially or completely) from their student loans, by working for a period of time in a public serviced organization. (CCH--Standard Federal Tax Reports ¶ 7002, * * *)

Both Internal Revenue Code Section 108(f) and the LARP award an individual for working in a public service organization in lieu of working in the private sector.

* * * the language of the Section [108(f)] must be examined for guidance. It says "In general....gross income does not include....any amount....if such discharge was pursuant to a provision of such loan..." (IRC Section 108(f)). The use of the phrase "in general" in and of itself implies that the rule is the general rule but not exhaustive of all situation to which 108(f) can apply. The language allows for programs, such as the Janet L. Hoffman LARP, to fall within the Code Section without the Section requiring rewriting. Nowhere in Code Section 108(f) does the language state that the discharged amount must be pursuant to a provision in the loan (emphasis added).

Due to the fact that the language purposefully is not exact, allowing for other possible programs, programs which may not have been in existence when the Code Section was drafted coupled with the CCH Explanation and requirements of the Janet L. Hoffman LARP, it is Petitioner's position that the award received through the LARP should be treated as a discharge of indebtedness and therefore non taxable income. The very spirit of 108(f) is to ensure that professionals participate in public service employment rather than working in the private sector. This is advanced by the Janet L. Hoffman Loan Assistance Program's award of money, which is directly applied to Petitioner's enormous student loan debt. Although Petitioner certainly received a benefit by receiving the award, so too the State of Maryland benefits by ensuring professional participation in public service activities such as working for the State's Attorney's Office. The lan-

guage of the Internal Revenue Code Section 108(f) is general to provide a template from which to make decisions thus allowing for programs, such as the Janet L. Hoffman LARP to be governed by it. Both the letter of the law and the spirit of the law is served by making the award money received non taxable, thus allowing professionals to serve the public and still be able to pay their debt. [Reproduced literally.]

Respondent counters petitioner's argument under section 108(f) as follows:

Her [petitioner's] argument glosses over the fact that the award is not a discharge of indebtedness. Even if the award were considered to be a discharge of indebtedness, it would not be excludible from income under I.R.C. § 108(f) under the plain language of the statute. Petitioner attempts to avoid the language of the statute by arguing that the intent of the award falls within the intent behind the law. * * * She fails to recognize that this reading of I.R.C. § 108(f) is without foundation.

We turn first to section 108(f) on which petitioner relies. That section provides:

SEC. 108. INCOME FROM DISCHARGE OF INDEBTEDNESS.

  *      *      *      *      *      *      *

(f) Student Loans.--

    (1) In General.--In the case of an individual, gross income does not include any amount which (but for this subsection) would be includible in gross income by reason of the discharge (in whole or in part) of any student loan if such discharge was pursuant to a provision of such loan under which all or part of the indebtedness of the individual would be discharged if the individual worked for a certain period of time in certain professions for any of a broad class of employers.

    (2) Student Loan.--For purposes of this subsection, the term "student loan" means any loan to an individual to assist the individual in attending an educational organization described in section 170(b)(1)(A)(ii) made by--

(A) the United States, or an instrumentality or agency thereof,

(B) a State, territory, or possession of the United States, or the District of Columbia, or any political subdivision thereof,

(C) a public benefit corporation--

(i) which is exempt from taxation under section 501(c)(3),

(ii) which has assumed control over a State, county, or municipal hospital, and

(iii) whose employees have been deemed to be public employees under State law, or

(D) any educational organization described in section 170(b)(1)(A)(ii) if such loan is made--

(i) pursuant to an agreement with any entity described in subparagraph (A), (B), or (C) under which the funds from which the loan was made were provided to such educational organization, or

(ii) pursuant to a program of such educational organization which is designed to encourage its students to serve in occupations with unmet needs or in areas with unmet needs and under which services provided by the students (or former students) are for or under the direction of a governmental unit or an organization described in section 501(c)(3) and exempt from tax under section 501(a).

The term "student loan" includes any loan made by an educational organization described in section 170(b)(1)(A)(ii) or by an organization exempt from tax under section 501(a) to refinance a loan to an individual to assist the individual in attending any such educational organization but only if the refinancing loan is pursuant to a program of the refinancing organization which is designed as described in subparagraph (D)(ii).

(3) Exception for Discharges on Account of
Services Performed for Certain Lenders.--Paragraph
(1) shall not apply to the discharge of a loan made by
an organization described in paragraph (2)(D) if the
discharge is on account of services performed for
either such organization.

Petitioner's reliance on section 108(f) is misplaced.[4]
Income from the discharge of indebtedness is includible in gross
income. Sec. 61(a)(12). Section 108 provides certain exceptions
to that treatment. Section 108(f) entitled "Student Loans"
establishes certain circumstances under which income from the
discharge of a student loan may be excluded from gross income.
In no event may section 108(f) apply unless there is in fact a
discharge of a student loan. In the instant case, petitioner
received petitioner's LARP award of $4,372. That award was to
be, and was, used by petitioner to repay a portion of
petitioner's law school loan. Petitioner's LARP award did not
discharge petitioner's law school loan or any other student loan
that petitioner may have had.[5]

---

[4]Petitioner's reliance on the "CCH Explanation of Section
108(f)" also is misplaced. That explanation is not binding on
the Court. It merely represents the views of the publisher of
the publication "CCH Standard Federal Tax Reporter".

[5]Assuming arguendo that petitioner's LARP award of $4,372
were to constitute a discharge of a portion of petitioner's law
school loan, sec. 108(f)(1) would not in any event permit
petitioner to exclude that award from her gross income for 2002.
That is because, as petitioner acknowledged at trial,
petitioner's law school loan did not contain provisions "under
which all or part of the indebtedness of the individual would be
(continued...)

We now address petitioner's argument that section 108(f)(1) sets forth a general rule that is "not exhaustive of all situation[s] to which [section] 108(f) can apply." As petitioner correctly points out, section 108(f)(1) sets forth a general rule that excludes from gross income any income from the discharge of a student loan, but that general rule applies only if the requirements of that section are satisfied. Only Congress may provide exceptions to the general rule that it prescribed in section 108(f)(1). Congress did so in section 108(f)(3) entitled "Exception For Discharges On Account Of Services Performed For Certain Lenders." Section 108(f)(3) precludes the application of the general rule of section 108(f)(1) (i.e., precludes the exclusion from gross income of any income from the discharge of a student loan that otherwise meets the requirements of section 108(f)(1)) if such discharge of a student loan made by an organization described in section 108(f)(2)(D) was on account of services performed for such organization.

We turn finally to petitioner's argument that the Court should be guided by not only the letter but also the spirit of section 108(f)(1). The Court must follow the law as written by

---

[5](...continued) discharged if the individual worked for a certain period of time in certain professions for any of a broad class of employers." Sec. 108(f)(1). The term "certain professions" to which sec. 108(f)(1) applies are medicine, nursing, and teaching. Porten v. Commissioner, T.C. Memo. 1993-73 n.1 (citing Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of The Deficit Reduction Act of 1984 at 1999(J. Comm. Print 1984)).

Congress.  Congress carved out an exception in section 108(f)(1) to the requirement in section 61(a)(12) that income from the discharge of indebtedness must be included in gross income. Congress carefully prescribed the requirements that must be satisfied in order to have the exception in section 108(f)(1) apply to income from the discharge of a student loan.  Exclusions from income must be narrowly construed.  Commissioner v. Schleier, 515 U.S. 323, 328 (1995).  Petitioner's LARP award of $4,372 does not satisfy the requirements of section 108(f)(1). Consequently, section 108(f)(1) does not apply to that award.

On the record before us, we find that petitioner must include in her gross income for her taxable year 2002 petitioner's LARP award of $4,372.

To reflect the foregoing and petitioner's concession,

Decision will be entered for respondent.